**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gabriel LOREDO–PECINA,**
**Defendant–Appellant.**

**No. 04–40440.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 4, 2005.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, Katherine L. Haden, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timoteo E. Gomez, Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the conviction and sentence of Gabriel Loredo–Pecina. *United States v. Loredo–Pecina,* 115 Fed.Appx. 237 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Vences v. United States,* —— U.S. ——, 125 S.Ct. 1991, 161 L.Ed.2d 847 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Loredo argues that his sentence is unconstitutional because he was sentenced pursuant to the mandatory sentencing guidelines scheme found unconstitutional in *Booker.* We review for plain error. *United States v. Mares,* 402 F.3d 511, 520–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Loredo concedes that he cannot establish plain error because the record does not indicate that the district court would have reached a significantly different result under an advisory guidelines scheme. *See Mares,* 402 F.3d at 521; *Valenzuela–Quevedo,* 407 F.3d at 733–34. Although his sentence was imposed at the low end of the guidelines range, this fact is not sufficient to conclude that the district court would have reached a different result under an advisory guidelines scheme. *See United States v. Bringier,* 405 F.3d 310, 318 n. 4 (5th Cir.2005), *petition for cert. filed* (July 26, 2005) (No. 05–5535). This court has also rejected Loredo's argument that an error in the imposition of a sentence under the mandatory guidelines scheme is a structural error and that prejudice should be presumed. *United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.2005).

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Loredo's conviction and sentence. AFFIRMED.